■ WELLINGTON ASSOCIATES INC., Respondent, *v.* DAPIN HOTEL CORP., Appellant.— Order, entered on October 22, 1965, appointing a receiver *pendente lite* of the Shelton Hotel, pursuant to CPLR 6401, unanimously reversed on the law and the facts, without costs or disbursements, the motion denied and the receivership vacated. On October 14, 1965, this court reversed an order dated July 30, 1965, appointing a temporary receiver in this action (*Wellington Assoc.* v. *Dapin Hotel Corp.*, 24 A D 2d 736). While that appeal was pending, plaintiff moved at Special Term for a reconsideration of the motion — upon which it had been successful at Special Term — for the appointment of a receiver, for leave to renew the motion and to increase the receiver's undertaking. The reversal by this court was called to the attention of Special Term upon plaintiff's motion for reconsideration. Nevertheless, plaintiff's motion was granted and an order was entered appointing the same receiver designated in the July, 1965 order, which had been reversed. In the memorandum decision, reversing the July order, this court found that the moving papers were " grossly inadequate to support so drastic a remedy." But this court added: " Moreover, in a landlord and tenant relationship, there must be a showing that a receivership is necessary rather than the more expeditious remedy of a summary proceeding." While on the renewal motion some attempt was made to supplement the " grossly inadequate " facts to support the application for a receiver, there was a complete failure to meet the substance of this court's stricture concerning the availability of a summary proceeding as a more expeditious remedy for the plaintiff landlord to pursue. A summary proceeding could well have been disposed of long before this time. Under the circumstances, it was an improvident exercise of discretion to reappoint a receiver in this

case. The receiver is directed to move promptly within 10 days after service of a copy of the order entered herein, for a settlement of his account before Justice Culkin. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.